**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY VILLEDA-MEJIA, | No. 23-3420 |
| Petitioner, | Agency No. A088-367-378 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2024**
Seattle, Washington

Before: McKEOWN, GOULD, and H.A. THOMAS, Circuit Judges.

Rudy Alexander Villeda-Mejia is a citizen of Honduras. He petitions for

review of a decision of the Board of Immigration Appeals ("BIA"), which denied

his motion to reopen proceedings seeking protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT") based on changed circumstances in Honduras. We review the BIA's denial of a motion to reopen for abuse of discretion, and we defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law. *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023). We deny the petition.

To prevail on a motion to reopen on the basis of changed country conditions, a petitioner must: "(1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) 'demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.'" *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)). The new evidence must be "qualitatively different" from the evidence presented at the previous hearing. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Here, the BIA did not abuse its discretion in denying Villeda-Mejia's motion to reopen. As the BIA noted, the evidence that Villeda-Mejia submitted in support of his motion to reopen, which consisted of an academic article and a news article, "reflects a continuation of the crime, violence and police corruption previously considered by the Immigration Judge during the merits hearing." Because this

evidence "simply recounts previous conditions presented at a previous hearing," it is insufficient to show a change in country conditions. *Agonafer*, 859 F.3d at 1204.

**PETITION DENIED.**